**Alfred FUSI, Plaintiff,**

v.

**Steve O'BRIEN, in his capacity as Superintendent of the Massachusetts Department of Correction, Defendant.**

**Civil Action No. 07–10940–NMG.**

United States District Court,
D. Massachusetts.

June 10, 2009.

Bernard Grossberg, Esq., Boston, MA, for Plaintiff.

Natalie S. Monroe, Attorney General's Office, Criminal Bureau, Boston, MA, for Defendant.

## MEMORANDUM & ORDER

GORTON, District Judge.

The petitioner, Alfred Fusi ("Fusi"), is currently serving a criminal sentence after being convicted of rape in violation of M.G.L. ch. 265, § 22B, in Essex County Superior Court in February, 1984. After this Court denied his petition for habeas corpus and a related motion for an evidentiary hearing, he has moved for the issuance of a certificate of appealability ("COA").

### I. *Background*

For a detailed description of the facts underlying this case, see this Court's Memorandum and Order denying Fusi's petition and motion for a hearing, *Fusi v. O'Brien*, 588 F.Supp.2d 158 (D.Mass.2008).

The Massachusetts Court of Appeals affirmed Fusi's conviction in the trial court and the Supreme Judicial Court ("the SJC") denied any further appellate review. Over the course of almost 20 years following his conviction, Fusi filed five motions for a new trial alleging, *inter alia*, ineffective assistance of his trial counsel, Richard Chambers ("Atty. Chambers"), in violation of the Sixth Amendment of the Constitution. All of those motions were denied.

In May, 2007, Fusi filed a petition for federal habeas corpus relief based on the denial of his fifth motion for a new trial. In support of his petition, he alleged that Atty. Chambers 1) was assigned to the case only two days before jury empanelment by the lawyer Fusi had originally retained; 2) did not confer with Fusi until the first day of trial; 3) failed to conduct any investigation of the case other than visiting the crime scene, interviewing Fusi's mother and sister and reviewing the police reports and grand jury minutes, 4) failed to obtain and/or refer to a six-page statement which the victim gave to the police containing details inconsistent with her testimony at trial and 5) did not attempt to contact Leonard and Catherine Bartolo ("the Bartolos") who owned the residence behind which the victim was allegedly raped and who would have offered testimony in conflict with that of the victim with respect to the source of light in their backyard and whether she screamed on the night of the alleged rape.

In considering his motion for an evidentiary hearing, the Court took Fusi's factual allegations as true and considered whether they would entitle him to federal habeas relief under 28 U.S.C. § 2254(d)(1) which is available when a state court decision was "contrary to, or involved an unreasonable application of, clearly established federal law." It determined that the Massachusetts courts' denial of Fusi's motion for a new trial did not satisfy the § 2254(d)(1) standard because, under the relevant federal law set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), whether Fusi had been prejudiced by Atty. Chambers' shortcomings, and thus whether his Sixth Amendment right had been violated, was at best only a "close call." Hence, the state courts did not appear unreasonable in finding no Sixth Amendment violation. In response to the Court's decision, Fusi filed the pending application for a COA.

## II. *Legal Analysis*

### A. Legal Standard

Pursuant to 28 U.S.C. § 2253(c)(2), "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." In deciding upon an application for a COA, a district judge must state which issues, if any, satisfy the standard set forth in § 2253(c)(2) or the reasons for denying the application. 1st Cir. Loc. R. 22.1(a).

The exact standard for issuance of a COA depends upon whether the petition for which appeal is sought was denied upon substantive or procedural grounds. *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Because Fusi's petition for habeas corpus was denied on the merits, this Court may issue a COA if "the petitioner ... demonstrate[s] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*

### B. Application

The Supreme Court has recognized that "complete denial of counsel" at a "critical stage" of trial creates a presumption that the trial was so unfair as to violate the defendant's Sixth Amendment right to effective assistance of counsel. *See Bell v. Cone*, 535 U.S. 685, 695–96, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002), citing *United*

*States v. Cronic,* 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). That presumption is based on the notion that certain circumstances "are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." *Cronic,* 466 U.S. at 658, 104 S.Ct. 2039.

Fusi argues that a COA is warranted in his case because the Court failed to apply such a presumption arising from Atty. Chambers' ineffective assistance and, in particular, his failure to confer with Fusi before trial. In support of that contention, Fusi cites *Mitchell v. Mason,* 325 F.3d 732, 742, 748 (6th Cir.2003), *cert. denied,* 543 U.S. 1080, 125 S.Ct. 861, 160 L.Ed.2d 824 (2005), where the Sixth Circuit Court of Appeals held that the pre-trial period counts as a "critical stage" of trial and that lack of pre-trial consultation between a defendant and his counsel triggers the *Cronic* presumption. The circuit court also held that the Michigan Supreme Court had erred in applying the standard set forth in *Strickland* rather than *Cronic. Mitchell,* 325 F.3d at 748.

Although *Mitchell* is not binding on this Court, that case demonstrates that reasonable jurists may disagree with this Court's analysis of prejudice to Fusi under *Strickland* and its failure to apply the *Cronic* presumption in deciding to dismiss Fusi's petition for a writ of habeas corpus and deny his motion for an evidentiary hearing. Accordingly, Fusi should be granted a COA.

### ORDER

In accordance with the foregoing, Fusi's motion for a certificate of appealability (Docket No. 34) is **ALLOWED.**

**So ordered.**